Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| INMOBILIARIA MORENO DE AYALA, INC. (INMOBILIARIA MORENO, INC.)<br><br>Apelada<br><br>V.<br><br>MARIO ALEJANDRO ORTIZ GARCÍA<br><br>Apelante | KLAN202500439 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV04897<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2025.

El 15 de mayo de 2025, compareció por derecho propio, ante este Tribunal de Apelaciones el señor Mario Alejandro Ortiz García (en adelante, señor Ortiz García o apelante), por medio de recurso de *Apelación*. Mediante este, nos solicita la revocación de la *Sentencia* emitida el 11 de abril de 2025, notificada el 15 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud de esta, el foro recurrido declaró Con Lugar la *Demanda* presentada por la Inmobiliaria Moreno de Ayala (en adelante, Inmobiliaria o parte apelada).

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción, por incumplimiento con el Reglamento del Tribunal de Apelaciones.

**I**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los

casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 745 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020); *Torres Alvarado v Madera Atiles*, 202 DPR 495, 499-500 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Miranda Corrada v. DDEC et al.*, supra; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v Madera Atiles*, supra; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de los Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Pueblo v. Pérez Delgado*, 211 DPR 654, 671 (2023); *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Soto Pino v. Uno Radio Group*, supra; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017) (sentencia); *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Pueblo v. Pérez Delgado*, supra, págs. 671-672; *Hernández Maldonado v. Taco Maker*, supra.

Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. *Soto Pino v. Uno Radio Group*, supra. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Hernández Maldonado v. Taco Maker*, supra; *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998).

En lo pertinente al caso de marras, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de

apelación en casos civiles, la Regla 16 del Reglamento de este Tribunal, en su inciso (E), 4 LPRA Ap. XXII-B, R. 16, dispone lo siguiente:

(A) …

(B) …

(C) Cuerpo

(1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes apelantes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) …

(D) …

(E) Apéndice

(1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74,

incluirá un Apéndice que contendrá una copia literal de:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste.

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

.        .        .        .        .        .        .        .

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción". (Cita omitida). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo. (Citas omitidas).

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

En el escueto escrito instado ante este foro, el apelante nos solicita que revoquemos parcial o totalmente la *Sentencia* emitida por el foro primario el 11 de abril de 2025, notificada el 15 de abril de 2025. No obstante, de un examen del escrito ante nuestra consideración, surge que el mismo no reúne los requisitos dispuestos para el perfeccionamiento de un recurso de apelación.

En detalle, el señor Ortiz García omitió incluir una relación fiel y concisa de los hechos procesales, importantes y pertinentes al caso. Además, aunque esbozó varios señalamientos de error[1], el recurso carece de una discusión de estos, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

Por otro lado, el apelante no acompañó con su recurso copia de una serie de documentos y escritos imprescindibles, que nos

---

[1] Los errores esbozados por el señor Ortiz García son los siguientes:
- I. Retraso excesivo en la emisión de la sentencia en violación al debido proceso.
- II. Evaluación errónea de la prueba sobre el cargo de limpieza.
- III. Adjudicación de cargo por mora no probado.
- IV. El apelante no admitió deuda; presentó defensa razonada.
- V. Existencia de acuerdo de resolución voluntaria del contrato.
- VI. Aplicación desequilibrada del contrato en perjuicio del arrendatario.
- VII. Falta de especificidad en los montos de costas, intereses y honorarios.

pudiesen ser útiles a los fines de atender la controversia en sus méritos, según requiere el Reglamento de este foro apelativo. De modo que, el señor Ortiz García no nos colocó en posición de poder revisar al foro *a quo*.

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente.[2] El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.[3] El hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales.[4]

En vista de lo anterior, concluimos que, carecemos de jurisdicción para entender en el recurso. Consecuentemente, procedemos a desestimar el recurso ante nuestra consideración, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[5], la cual le confiere facultad a este Tribunal para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos expuestos, se desestima el presente recurso por falta de jurisdicción, por incumplimiento con el Reglamento del Tribunal de Apelaciones.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Jueza Romero García disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] *Pueblo v. Pérez Delgado*, supra, pág. 671; *UGT v. Centro Médico del Turabo*, supra; *Soto Pino v. Uno Radio Group*, supra; *Hernández Maldonado v. Taco Maker*, supra.

[3] *Pueblo v. Valentín Rivera*, supra; *Pueblo v. Rivera Toro*, supra.

[4] *Febles v. Romar*, 159 DPR 714, 722 (2013).

[5] 4 LPRA Ap. XXII-B, R. 83.